# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2018, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Kiesler
Kiesler Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Arvis Harrison Crawhorn, Jr., *Appellant-Defendant*, | December 21, 2018 |
| v. | Court of Appeals Case No. 18A-CR-1668 |
| | Appeal from the Orange Circuit Court |
| State of Indiana, *Appellee-Plaintiff*. | The Honorable Steven L. Owen, Judge |
| | Trial Court Cause No. 59C01-1512-F2-1195 |

**Brown, Judge.**

[1]     Arvis Harrison Crawhorn, Jr., appeals his sentence for dealing in methamphetamine as a level 3 felony. He raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2]     On December 28, 2015, police executed a search warrant at Crawhorn's residence and located: Crawhorn; four children, including two of Crawhorn's children, in the living room area; 8.9 grams of methamphetamine, digital scales, a clear glass pipe with burn residue, marijuana, U.S. currency, numerous firearms, and drug paraphernalia inside of the bedroom where Crawhorn was located; and multiple cut clear plastic baggies, burnt aluminum foil, and digital scales in the garage.

[3]     Orange County Sheriff's Detective Paul Andry spoke with Crawhorn at the scene, and Crawhorn told him that he knew "a bunch of people . . . [a]cross the river . . . ." State's Exhibit 2 at 5. Crawhorn stated that he knew addresses of dealers and gave a name and a nickname.

[4]     On December 28, 2015, the State charged Crawhorn with Count I, dealing in methamphetamine as a level 2 felony, and Count II, possession of methamphetamine as a level 4 felony. In April 2016, the court entered an Order on Motion for Bond Reduction reducing Crawhorn's bond and ordering that if Crawhorn is released on bond he should be placed on pre-trial services through the Orange County Probation Department. The court's order included

the following conditions of release: (1) report immediately to Southern Hills Counseling Center, Inc. for a substance abuse evaluation and follow all treatment recommended by Southern Hills; (2) submit to random drug and alcohol testing; and (3) contact probation twice a month.

[5] On April 9, 2018, Crawhorn and the State filed a plea agreement in which Crawhorn agreed to plead guilty to dealing in methamphetamine as a level 3 felony and, with respect to sentencing, agreed to an "Open plea to the Court." Appellant's Appendix Volume II at 134. The State agreed to dismiss Count II as well as counts under cause number 59C01-1501-F5-65 ("Cause No. 65") including possession of methamphetamine as a level 5 felony and possession of marijuana as a class B misdemeanor.

[6] On May 30, 2018, the court held a sentencing hearing.[1] At the beginning of the hearing, Crawhorn's counsel requested a continuance because "there's been some serious allegations against Mr. Crawhorn" and a CHINS case was pending in which Crawhorn had denied the allegations. Transcript Volume II at 5. The court stated that the CHINS allegations had no bearing on what the court would do and denied the request for a continuance.

[7] The defense presented the testimony of Jeff Holland, a probation officer in Orange County, who testified that he had seen Crawhorn since July 2016 and

---

[1] At the sentencing hearing, the court referenced the April 9, 2018 plea agreement and stated: "The Court at that date, ah, took and accepted your plea of guilty and entered Judgment of Conviction accordingly." Transcript Volume II at 5. The record does not contain a transcript of the April 9, 2018 hearing.

that Crawhorn was "on our Pretrial Services Supervision," and had submitted to three random drug screens which were negative. *Id.* at 14. On cross-examination, Holland stated that he had no documentation to support Crawhorn's completion of any counseling. Ashley McDaniel testified that she was previously a family case manager with the Department of Child Services, she had a case regarding Crawhorn's three children, Crawhorn was compliant, the children were placed with Crawhorn, and that she left before the case was resolved. James Wesley Small testified that he owned Small Brothers Truck and Auto Repair, that Crawhorn was his employee beginning in October 2016, and that Crawhorn was a good employee.

[8] Crawhorn testified that his children had been taken away by CPS previously and then placed in his home a few months after his release from jail, that he lived alone with his three children, he had been employed for eighteen months, he checked in with his probation officer, and that he submitted to drug tests. On cross-examination, Crawhorn indicated that one of his children had been removed from his home due to an allegation, and that he gave a statement saying that he could help perform some buys. He indicated that he was "receiving the drugs that [he was] selling from over in the Portland neighborhood in Louisville . . . ." *Id.* at 43. He testified that he went to Southern Hills for treatment pursuant to his bond order, he did not remember why he missed the first two classes, the second time he missed was for "pretty good reasons," he missed the third class because he was injured when a tree fell on him while he was cutting timber, and that Southern Hills no longer wanted

to treat him after he missed three classes. *Id.* at 44. He testified that he received approval to go to a different program and completed Followell's Drug Factor Class.

[9] After the presentation of Crawhorn's evidence, the prosecutor asked the court to take judicial notice of the file in the present case as well as in Cause No. 65 and of a transcribed copy of Crawhorn's statement to police, and the court did so. The prosecutor requested a sentence of sixteen years at the Department of Correction. Crawhorn's counsel requested the court to sentence him to the advisory sentence of nine years with four years suspended and five years served on home detention or in the work release program.

[10] The court recognized that Crawhorn had lived a "pretty normal life" and had drug screens since his release from incarceration. *Id.* at 60. The court stated: "I would like to think that you are less likely to reoffend. However, I do want you to know that I see that as being, ah, a mitigating circumstance in your case and I gave that average weight, a moderate weight so it's good, um, and that would put that in, that is, you know, you're taking care of your family, you've got your family together." *Id.* The court recognized that Crawhorn was working. It found that Crawhorn's guilty plea was a mitigating circumstance but recognized that he received a significant benefit, and found Crawhorn's criminal history as an aggravating circumstance. The court found the fact that Crawhorn committed the current offense when he was out on bond under Cause No. 65 as an aggravating circumstance to which it assigned great weight. It stated, in reading Crawhorn's statement to police, that "[i]t sounds like you

were doing this frequently." *Id.* at 63. The court also found that Crawhorn had his children as well as two other children in the home along with numerous firearms as an aggravating circumstance and that the aggravating circumstances far outweighed the mitigating circumstances and sentenced Crawhorn to sixteen years in the Department of Correction.

## *Discussion*

[11] The issue is whether Crawhorn's sentence is inappropriate in light of the nature of the offense and his character. Crawhorn argues that the facts are not especially heinous. He states that he was released on bond during the pendency of this matter from April 26, 2016, until he was sentenced on May 30, 2018, and that he demonstrated reasonable efforts and made significant improvements to lead a law-abiding life during that time period by regularly reporting to the probation department, passing random drug screens, maintaining employment, and being "able to get his children back into his custody and residing with him." Appellant's Brief at 13. He asserts that his criminal history consists of relatively minor non-violent substance offenses occurring more than six years before the current offense. The State argues that Crawhorn's sentence is appropriate and asserts that Crawhorn participated in a broader network of dealers, had firearms and children in his house, sold methamphetamine while he was on bond for a charge of possession of methamphetamine, and his criminal history reflects poorly on his character.

[12] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the

sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] Ind. Code § 35-50-2-5 provides in part that a person who commits a level 3 felony shall be imprisoned for a fixed term of between three and sixteen years, with the advisory sentence being nine years.

[14] Our review of the nature of the offense reveals that Crawhorn possessed 8.9 grams of methamphetamine in the bedroom of his residence along with digital scales, a clear glass pipe with burn residue, marijuana, U.S. currency, numerous firearms, and drug paraphernalia. The garage contained multiple cut clear plastic baggies, burnt aluminum foil, and digital scales. Four children, including two of Crawhorn's children, were in the living room at the time that the search warrant was executed.

[15] Our review of the character of the offender reveals that Crawhorn pled guilty to the lesser included offense of dealing in methamphetamine as a level 3 felony more than two years and three months after he was initially charged and the State dismissed Count II, possession of methamphetamine as a level 4 felony, as well as counts under Cause No. 65, including possession of methamphetamine as a level 5 felony and possession of marijuana as a class B misdemeanor, as part of the plea agreement.

[16]  The presentence investigation report reveals Crawhorn, who was born on November 3, 1976, pled guilty to possession of marijuana as a class A misdemeanor and operating a vehicle while intoxicated as a class D felony under separate causes in 2000, pled guilty to visiting a common nuisance as a class B misdemeanor and had charges for dealing in methamphetamine as a class A felony and possession of chemical reagents or precursors with intent to manufacture as a class D felony dismissed in 2002, and pled guilty to operating a vehicle with a Schedule I or II controlled substance or its metabolite in the body as a class C misdemeanor in 2010. Crawhorn's probation was revoked in 2000 and 2003 and he was released on bond under Cause No. 65 when he committed the present offense.

[17]  After due consideration, we conclude that Crawhorn has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

[18]  For the foregoing reasons, we affirm Crawhorn's sentence.

[19]  Affirmed.


Bailey, J., and Bradford, concur.